This is an action for judgment restraining and enjoining the defendants Carolina Power Light Company and Johnston County Electric Membership Corporation from consummating or performing an agreement, in writing, which was entered into by and between said defendants on 8 July, 1937, on the ground (1) that said agreement, by reason of its provisions, is in violation of certain statutes declaring the public policy of this State with respect to such agreements, and is for that reason unlawful and void; and (2) that said agreement, if consummated and performed by said defendants, will wrongfully and unlawfully deprive the plaintiffs and other residents of certain rural communities of Johnston County, North Carolina, of their right to have electric service furnished to them by the defendant Johnston County Electric Membership Corporation, in accordance with the provisions of its charter or certificate of incorporation, if and when they shall desire such service.
The action was begun in the Superior Court of Johnston County on 7 August, 1937. It was heard by consent of the parties by Judge Grady at his chambers in the town of Clinton, N.C. on 20 August, 1937, on an order duly served on the defendants to show cause why a temporary restraining order made in the action should not be continued until the final hearing.
At this hearing Judge Grady found the facts as set out in the judgment which he rendered as follows:
"1. Summons was issued herein on 7 August, 1937, and was duly served on all the defendants, who have appeared and filed answers to the complaint filed in the action by the plaintiffs.
"2. The plaintiffs are farmers, residing in rural sections of Johnston County. The Carolina Power Light Company is a corporation and as such is engaged in the business of manufacturing and selling electric energy, with its principal office in the city of Raleigh, N.C.; Johnston County Electric Membership Corporation is a corporation created under and by virtue of the provisions of chapters 288 and 291, Public Laws of North Carolina, 1935; the defendants J. W. Woodard, Snead Sanders, A. J. Whitley, Jr., and W. T. Scott are residents of Johnston County, and constitute a majority of the board of directors of the Johnston County Electric Membership Corporation.
"3. On 27 May, 1936, pursuant to letters received by and personal appeals made to them, a number of rural citizens of Johnston County *Page 770 
met in the office of S.C. Oliver, county farm agent, there being present at said meeting from 42 to 55 persons; 51 projects for the electrification of rural districts of Johnston County were represented at said meeting. J. W. Woodard, A. F. Holt, Jr., Dr. Wade H. Atkinson, A. J. Whitley, Jr., Ira C. Whitley, Snead Sanders, and Cheater Barbour were duly elected as directors of a corporation to be formed for the electrification of the several rural sections of the county represented at said meeting. Said directors met immediately after the meeting and elected J. W. Woodard as chairman and A. F. Holt, Jr., as secretary of the board. All three of the plaintiffs were present at said meeting.
"4. At a meeting of the board of directors held on 27 May, 1936, it was ordered that a corporation be formed under the law to be known as the Electric Membership Corporation of Johnston County. Full authority was requested and given to them for such corporate organization by the North Carolina Rural Electrification Authority, and thereafter a certificate of incorporation was issued by the Secretary of State and duly recorded in Johnston County. Said permit was issued on 16 June, 1936, and the Certificate of Incorporation was issued from the office of the Secretary of State on the same day. It is recorded in Corporation Book No. 3, at page 231, of Johnston County.
"5. On 23 June, 1936, a construction loan contract was entered into between the Federal Rural Electrification Administration and the Johnston County Electric Membership Corporation, under which the United States Government was to lend the sum of $80,000.00 for the construction of the first part of the Johnston County project, consisting of approximately three hundred miles of electric lines.
"On 14 August, 1936, the Federal Rural Electrification Authority at Washington City increased its offer to lend to $310,000.00; and a mortgage was executed by the Johnston County Electric Membership Corporation to the Federal Government to secure said loan, which mortgage is recorded in Book 361, at page 226, of Johnston County registry, which record is made a part of this finding of fact.
"This contract with the Federal Rural Electrification Authority was made for the benefit of something like 1,500 citizens residing in the rural and unelectrified portions of Johnston County and parts of Wake County and other territory referred to in the minutes of the board of directors of the Johnston County Electric Membership Corporation.
"6. On 21 September, 1936, the Johnston County Electric Membership Corporation entered into a contract with the Thompson Electrical Company of Raleigh for the construction of the first section of the project of the Johnston County Electric Membership Corporation, consisting of seventy-seven miles of electric lines; and this contract was approved by the Federal Rural Electrification Authority. *Page 771 
"7. In June, 1936, the Carolina Power Light Company began the construction of electric lines in Johnston County, paralleling those intended to be constructed by the Johnston County Electric Membership Corporation.
"Suits were instituted in the Superior Courts of this State, one by the Johnston County Electric Membership Corporation against the Carolina Power Light Company and one by the Carolina Power Light Company against the Johnston County Electric Membership Corporation.
"The court is of the opinion that these two suits, and their final outcome, have nothing to do with the rights of the parties in this action; but in case the facts may be deemed material, the records in said two causes are hereby referred to and made a part hereof as fully as if set out in detail.
"8. On 8 July, 1937, the defendants' board of directors, without requesting authority therefor from the 40 or 50 men who originally elected them, accepted a proposition from the Carolina Power Light Company, the said proposition and acceptance being as follows:
"`RALEIGH, N.C. 8 July, 1937.
"`THE JOHNSTON COUNTY ELECTRIC MEMBERSHIP CORPORATION, SMITHFIELD, N.C.
"`DEAR SIR: As a compromise of the controversy between you and the Carolina Power Light Company as to providing rural electrification in Johnston County, we offer to you, for your consideration and acceptance, the following as conditions of settlement:
"`1. The Carolina Power Light Company shall immediately resume the construction of rural electric distribution lines in Johnston County, and shall diligently pursue such construction until it has completed and placed in operation 325 miles of such lines, which shall include the 221 miles of lines on company's present program, and 104 miles which shall be selected and located by a majority of the board of directors of the Johnston County Electric Membership Corporation as now constituted, and shall be the lines which in their judgment are most desirable and feasible. Rights of way for such 104 miles shall be furnished to the company without cost. The 325 miles of line as provided for herein shall not include the lines built prior to 1936, but shall be in addition thereto. Such 325 miles are to be completed during 1937. In addition, the company agrees to make a canvass of any other lines in Johnston County in which the majority of the directors may be interested and agrees to construct such of these rural electric lines as may be found to be feasible, or justified; the rights of way shall be furnished to the company without cost. *Page 772 
"`Should the company and the directors fail to agree as to the feasibility of any such lines, then a third party, some engineer, or experienced person agreeable to both parties, is to be selected to act as arbitrator and determine the feasibility of such lines.
"`2. The Carolina Power Light Company shall pay an amount sufficient to reimburse the Johnston County Electric Membership Corporation and its directors for all expenditures heretofore made for administrative and other expenses of the corporation and for the expenses of the board of directors heretofore incurred in work in behalf of the corporation, and for any further expenses or costs incurred in the administration of said corporation or in closing up the same, including expenses and costs of any kind, for which the said membership corporation shall be legally liable to the Thompson Electrical Company, Spoon Lewis, Engineers, or the Federal Rural Electrification Administration at Washington, D.C., provided that the amount of reimbursement for all expenditures and costs of every kind by the Membership Corporation and/or its directors shall in no event exceed the sum of $15,000.00.
"`It is agreed that the aforesaid sum of $15,000.00 shall be deposited as hereinafter stated by the Carolina Power Light Company in the First 
Citizens Bank Trust Company at Smithfield, N.C. to the account of R. E. Batten, trustee for the Johnston County Electric Membership Corporation. The said money shall be disbursed by the bank upon the order of the said trustee in payment of lawful obligations of the Membership Corporation which are approved by a majority of the board of directors of said corporation as said board is now constituted. When all such obligations are paid, after approval by a majority of the said board of directors as aforesaid, a statement thereof shall be furnished to the Carolina Power 
Light Company, and if the aggregate amount of such obligations be less than $15,000.00, the balance of the amount deposited to the credit of R. E. Batten, trustee, as aforesaid, shall be returned to the Carolina Power 
Light Company.
"`3. The deposit of the aforesaid sum of $15,000.00 in the First 
Citizens Bank Trust Company at Smithfield, N.C. to the credit of R. E. Batten, trustee, for the Membership Corporation, shall be made by the Carolina Power Light Company immediately after the Membership Corporation duly accepts the terms and provisions of this letter, as the agreement between the parties, and the acceptance is evidenced by the signing of this letter in the name of the Membership Corporation by its president duly authorized in the space provided for such acceptance at the bottom of this letter, and the original of this letter so accepted is returned to the Carolina Power Light Company.
"`The aforesaid sum of $15,000.00, when deposited, shall not be subject to disbursement upon the order of the trustee, until after the action *Page 773 
instituted by the Membership Corporation in the Superior Court of Johnston County against the Carolina Power Light Company has been nonsuited by appropriate judgment and the temporary injunction therein issued has been duly dissolved.
"`4. In consideration of the agreement of the Carolina Power Light Company to construct rural lines as set forth in paragraph 1 hereof, and in consideration of the aforesaid sum of $15,000.00, to be deposited in the First Citizens Bank Trust Company at Smithfield, N.C. to the credit of R. G. Batten, trustee, for the Membership Corporation, the Membership Corporation hereby agrees and binds itself not to construct or operate any rural electric lines or other facilities paralleling or duplicating any of the lines and facilities of the Carolina Power Light Company as the same are now constructed and operated, or as any other lines may be constructed and operated by the Carolina Power Light Company within any territory in which the Johnston County Electric Membership Corporation may be authorized to engage in business. The said Membership Corporation hereby waives, in favor of Carolina Power Light Company, any right which it has or claims to have to construct and operate rural electric lines or other facilities within the same territory or along the same roads or highways where the Carolina Power Light Company now has or may hereafter build and operate such lines or facilities.
"`5. At the time that the deposit of the aforesaid sum of $15,000.00 is made in the First Citizens Bank Trust Company at Smithfield, N.C. a copy of this letter duly signed in behalf of both the parties to this agreement shall be filed with the said Bank Trust Company.
"`If you agree to the terms and provisions of settlement as set forth in this letter, please have the same signed in your name by your president, duly authorized, and return the original of this letter to the Carolina Power Light Company as constituting the agreement between us.
Yours truly, CAROLINA POWER LIGHT COMPANY, BY ................................ President.'
"`We accept the terms and provisions of the foregoing letter and hereby agree to same.
 JOHNSTON COUNTY ELECTRIC MEMBERSHIP CORPORATION, By ................................ President.'
"The purpose of the Carolina Power Light Company in making said offer and in taking over the entire project under contemplation by *Page 774 
the Johnston County Electric Membership Corporation was to acquire a monopoly of the business in which it was engaged in the rural districts of Johnston and other counties; and it did have that effect as a matter of fact.
"On 3 August, 1937, the Federal Rural Electrification Administration refused to authorize the acceptance of the proposal referred to in the eighth finding of fact.
"9. Neither of the plaintiffs, at the time this action was commenced, was a member of the Johnston County Electric Membership Corporation. Neither had complied with the provisions of its certificate of incorporation, or of its by-laws, so as to become a member of said corporation.
"After the contract was entered into between the Johnston County Electric Membership Corporation and the Carolina Power Light Company on 8 July, 1937, the plaintiffs attempted to file with the directors of said corporation applications and checks in order that they might be elected to membership in said corporation as provided by its certificate of incorporation and by-laws; but the said directors refused to act upon said applications.
"10. The action of the board of directors of the Johnston County Electric Membership Corporation, or of a majority of said board, in selling out, lock, stock and barrel, to the Carolina Power Light Company, was a plain breach of faith on their part, and a violation of the trust imposed in them by the men who elected them at the meeting held in the office of the county farm agent, at Smithfield, on 27 May, 1936. The whole transaction, it seems to the court, was tainted with mala fides, and if any harm had followed, which could be corrected by a court of equity, an injunction might lie.
"11. But under the contract between the two defendant corporations, the plaintiffs have not been injured at all. In fact, they are getting exactly what they wanted — electric energy in the rural districts of Johnston County; and it does not appear that the tolls will be any larger than they would have been if the Johnston County Electric Membership Corporation had proceeded to build electric lines as originally contemplated. In fact, it appears that the defendant Carolina Power Light Company intends and is actually promising and obligating itself to construct a greater mileage of electric lines in the rural districts of Johnston County than was contemplated in the original plan of the Johnston County Electric Membership Corporation. Rates are to be fixed by the State Utility Commissioner; and the court is unable to see where, how, or when the plaintiffs have been damaged.
"The Johnston County Electric Membership Corporation was, by its charter, a nonprofit sharing corporation. The only advantage to be *Page 775 
reaped by its members was the receipt of electric energy; and they are getting that through the contract which the plaintiffs now seek to have set aside. At most, this is a case of injuria absque damno.
"12. The defendants filed with the court certain papers which purport to have been signed by 35 of the men who made up the meeting in the office of the county farm agent, at Smithfield, N.C. on 27 May, 1936, in which they ratified the action of the Johnston County Electric Membership Corporation in selling out to the Carolina Power Light Company; but the papers are not dated; counsel for plaintiffs asked counsel for defendants when and where the papers were signed; no answer to this inquiry has been given by counsel for defendants. It is apparent to the court that the papers were signed after this action was begun; there is no evidence, however, tending to show the date on which they were signed.
"Various other facts might be found by the court, as required by counsel; but as it appears most certain that the plaintiffs have no standing in a court of equity, the finding of other facts is not necessary.
"Upon the facts as found, it is now considered, ordered and adjudged by the court that the injunction prayed for in the complaint be and the same is denied; and that this action be and the same is dismissed at the cost of the plaintiffs and the sureties on their prosecution bond.
"This 20 August, 1937.
 HENRY A. GRADY, Judge Presiding."
To the foregoing judgment both plaintiffs and defendants excepted and appealed to the Supreme Court, assigning errors as set out in the record.
The Johnston County Electric Membership Corporation was organized under and pursuant to the provisions of chapter 291, Public Laws of North Carolina, 1935. The execution of its certificate of incorporation was authorized in accordance with the provisions of said chapter 291, Public Laws of North Carolina, 1935, and of chapter 288, Public Laws of North Carolina, 1935. *Page 776 
The provisions of chapter 291, Public Laws of North Carolina, 1935, with respect to the organization of an electric membership corporation are as follows:
"Sec. 3. When any number of persons residing in the community not served, or inadequately served, with electrical energy desire to secure electrical energy for their community and desire to form corporations to be known as electric membership corporations for said purpose, they shall file application with the North Carolina Rural Electrification Authority for permission to form such corporation.
"Sec. 4. Whenever any such application is made by as many as five members of the community, the North Carolina Rural Electrification Authority shall cause a survey of said territory to be made, and if, in its opinion, the proposal is feasible, shall issue to said community a privilege for the formation of a corporation as hereinafter set out. Whenever an application has been filed by any community with the North Carolina Rural Electrification Authority, and its application for formation of an electric membership corporation has been approved, the same may be formed as hereinafter provided.
"Sec. 5. Formation authorized. Any number of natural persons not less than three may, by executing, filing and recording a certificate as hereinafter provided, form a corporation not organized for pecuniary profit, for the purpose of promoting and encouraging the fullest possible use of electric energy in the rural sections of the State by making electric energy available to inhabitants of the State at the lowest cost consistent with sound economy and prudent management of the business of such corporations. Whenever an electric membership corporation is formed in the manner herein provided, all property owned by the said corporation and used exclusively for the purpose of said corporation shall be held in the same manner and subject to the same taxes and assessments as property owned by any county or municipality of the State, so long as said property is owned by said electric membership corporation and is used for the purpose for which said corporation was formed.
"Sec. 6. The certificate of incorporation shall be entitled and endorsed `Certificate of Incorporation of .............. Electric Membership Corporation' (the blank space being filled in with the name of the corporation), and shall state:
"(a) The name of the corporation, which name shall be such as to distinguish it from any other corporation.
"(b) A reasonable description of the territory in which its operations are principally to be conducted.
"(c) The location of its principal office, and the post office thereof.
"(d) The maximum number of directors, not less than three. *Page 777 
"(e) The names and post office addresses of the directors, not less than three, who are to manage the affairs of the corporation, for the first year of its existence, or until their successors are chosen.
"(f) The period, if any, limited for the duration of the corporation. If the duration of the corporation is to be perpetual, this fact should be stated.
"(g) The terms and conditions upon which members of the corporation shall be admitted.
"(h) The certificate of incorporation may also contain any provision, not contrary to law, which the incorporators may choose to insert for the regulation of its business, and for the conduct of the affairs of the corporation; and any provisions creating, defining, limiting, or regulating the powers of the corporation, its directors and members.
"Sec. 7. Execution and filing of certificate of incorporation. The natural persons executing the certificate of incorporation shall be residents of the territory in which the principal operations of the corporation are to be conducted, who are desirous of using electric energy to be furnished by the corporation.
"The certificate of incorporation shall be acknowledged by the subscribers before an officer qualified to administer oaths. When so acknowledged, the certificate may be filed in the office of the Secretary of State, who shall forthwith prepare a certified copy or copies thereof, and forward one to the clerk of the Superior Court in each county in which a portion of the territory of the corporation is located, who shall forthwith file such certified copy or copies in their respective offices and record the same as other certificates of incorporation are recorded. As soon as the provisions of this section have been complied with, the proposed corporation described in the certificate so filed shall be and constitute a body corporate."
It is provided in section 8 of said chapter that "each corporation formed hereunder shall have a board of directors, and the powers of a corporation shall be vested in and exercised by a majority of the directors in office. The directors of the corporation, other than those named in its certificate of incorporation, shall be elected annually by the members entitled to vote. The directors must be members and shall not be entitled to compensation for their services. The board shall elect annually from its own number a president and a secretary."
It is provided in section 9 of said chapter that the board of directors of a corporation organized under and pursuant to its provisions "shall have power to do all things necessary or convenient in conducting the business of the corporation, including, but not limited to, (a) the power to adopt and amend by-laws for the management and regulation of the affairs of the corporation. *Page 778 
"The by-laws of a corporation may make provisions, not inconsistent with law, or its certificate of incorporation, regulating the admission, withdrawal, suspension or expulsion of members; the transfer of membership; the fees and dues of members, and the termination of membership on nonpayment of dues or otherwise; the number, times, and manner of choosing, qualifications, terms of office, official designations, powers, duties and compensation of officers; defining a vacancy; in the board, or in any office and the manner of filling it; the number of members, not less than a majority, to constitute a quorum at meetings, the date of the annual meeting, and the giving notice thereof and the holding of special meeting and the giving notice thereof, the terms and conditions upon which the corporations is to render service to its members; the disposition of the revenues, and receipts of the corporations; regular and special meetings of the board, and the giving notice thereof.
"(b) To appoint agents and employees and to fix their compensation and the compensation of the officers of the Corporation.
"(c) To execute instruments.
"(d) To delegate to one or more of the directors or to the agents and employees of the corporation such powers and duties as it may deem proper.
"(e) To make its own rules and regulations as to procedure."
It is provided in section 10 of said chapter "that the corporate purpose of each corporation formed hereunder shall be to render service to its members only, and no person shall become or remain a member unless such person shall use energy supplied by such corporation and shall have complied with the terms and conditions in respect to membership, contained in the by-laws of such corporation."
By virtue of the provisions of chapter 291, Public Laws of North Carolina, 1935, no person, although he is a member of the community for which and a resident of the territory in which an electric membership corporation organized under and pursuant to the provisions of said chapter, is authorized to construct and operate lines and other facilities for the transmission and distribution of electric energy, is entitled to service from such corporation, unless he is or shall become a member of such corporation, in accordance with the provisions of its certificate of incorporation or by-laws. It is so expressly provided by section 11 of said chapter. This provision is consistent with all the provisions of said chapter with respect to the organization and business of such corporations. Such person, therefore, until he becomes a member of the corporation, has no legal right which is or may be affected by the organization of the corporation, or by the management of its business, or the conduct of its affairs by its board of directors. For that reason, such person cannot maintain an action in which the validity of any action of the *Page 779 
board of directors of the corporation in the management of its business or in the conduct of its affairs, is challenged, on the ground that such action was unlawful or has unlawfully deprived him of a legal right.
No person, although he is a member of the community for which and a resident of the territory in which an electric membership corporation organized under and pursuant to the provisions of chapter 291, Public Laws of North Carolina, 1935, is authorized to construct and operate lines and other facilities for the transmission and distribution of electric energy, is entitled to service by such corporation because he attended meetings of members of the community and residents of the territory, at which proceedings were had preliminary to the organization of the corporation, unless after the organization of the corporation he has become a member of the corporation in accordance with the provisions of its certificate of incorporation and by-laws. Such person, until he becomes a member of the corporation, has no rights which are or may be affected by the organization of the corporation, or by the management of its business or the conduct of its affairs by its board of directors. It cannot be held that such person is a beneficiary of the corporation, because he may be eligible to membership in the corporation and for that reason may maintain an action in which the validity of an act of the board of directors of the corporation is challenged, on the principle of Gorrell v. Water Supply Co.,124 N.C. 328, 32 S.E. 720.
In the instant case, the court found that neither of the plaintiffs was a member of the Johnston County Electric Membership Corporation at the commencement of their action on 7 August, 1937. This finding of fact is supported by all the evidence, with none to the contrary. For this reason, there is no error in the judgment dismissing the action. No right of the plaintiffs or of either of them has been affected, wrongfully or otherwise, by the act of the board of directors of the Johnston County Electric Membership Corporation in accepting the proposition of the Carolina Power 
Light Company, contained in the letter, dated 8 July, 1937. See AlabamaPower Company v. Harold L. Ickes, as Federal Emergency Administrator ofPublic Works, decided at October Term, 1937, of the Supreme Court of the United States. In that case it was held that as no legal or equitable right of the plaintiff had been invaded by the defendant by his official acts, as alleged in the bill of complaint, the plaintiff was without standing in the Court to challenge the validity of said official acts. Accordingly, the judgment dismissing the bill of complaint was affirmed.
On their appeal to this Court, the defendants contend that findings of fact made by the court, and set out in the judgment, with respect to the motives of the defendants in entering into the agreement in writing dated 8 July, 1937, and with respect to the validity of said agreement, *Page 780 
are not supported by the evidence. These findings of fact are immaterial, and should be stricken from the record. It is not without significance that no member of the Johnston County Electric Membership Corporation, or other person whose rights, legal or equitable, may be affected by the agreement entered into by and between the Carolina Power Light Company and the Johnston County Electric Membership Corporation, has joined the plaintiffs in this action, although invited to do so. The record in this appeal discloses that this action was instituted by the plaintiffs upon assurance that they would not be called upon to bear any part of the expenses incurred in maintaining it.
On the facts set out in paragraph 9 of the judgment, the action was properly dismissed. For this reason the judgment as modified in accordance with this opinion is.
Affirmed.